McRAE, Justice
dissenting:
The majority opinion departs from this state’s established law that it is a defendant’s obligation to testify truthfully, and in order to verify the truthfulness of a defendant’s statement, the prosecution may employ traditional impeachment techniques. The majority opinion also overlooks the United States Supreme Court cases which uphold this particular impeachment method. Therefore, I dissent.
The defendant, Will Reed, Jr., testified in his own behalf at trial. In response to the-State’s cross-examination question of whether he had ever sold drugs to anyone, Reed replied that he had never sold drugs and never would. The line of questioning which the State sought to impeach is as follows:
Q. And are you telling this Court specifically on December 18, 1989, that you did not sell cocaine to L.J. Pace?
A. I did not.
Q. You are just telling us that you don’t do that kind of thing?
A. No, I don’t do that.
Q. Never have and never would?
A. Never will.
Q. Never have and never will?
A. I never have and never will.
The State then on rebuttal introduced the testimony of Douglas Nichols and Agent Far-on Gardner on the Mississippi Bureau of Narcotics. They both testified that approximately eight months after the sale of crack cocaine for which Reed was being tried, Reed sold Nichols cocaine.
First, when the prosecution asked Reed without any objection from defense counsel if he had ever sold drugs before and when he obtained an insistent and forceful denial, the corroborating testimony of Douglas Nichols and Agent Gardner that he indeed sold drugs became admissible into evidence for impeachment purposes. There was no contemporaneous objection to the . State’s line of questioning on cross-examination, and as a result, the defendant should not be allowed to now complain. It is of interest that in Spraggins v. State, 606 So.2d 592, 594 (Miss.1992), and Quinn v. State, 479 So.2d 706, 708 (Miss.1985), which the majority cites as supporting authority, defense counsels did not fail to object to the line of questioning which later was impeached.
Second, in Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), Walder was tried for possession of narcotics. At his trial, on direct and cross-examination Walder denied ever selling drugs before in his life. After his repeated denial on cross-examination, the prosecution offered evidence of a prior drug sale which led to an indictment later dismissed on constitutional grounds. The Court allowed the impeachment stating:
Take the present situation. Of his own accord, the defendant went beyond a mere denial of complicity in the crimes of which he was charged and made the sweeping claim that he had never dealt in or possessed any narcotics. Of course, the Con *200 stitution guarantees a defendant the fullest opportunity to meet the accusation against him. He must be free to deny all the elements of the case against him without thereby giving leave to the Government to introduce by way of rebuttal evidence illegally secured by it, and therefore not available for its case in chief. Beyond that, however, there is hardly justification for letting the defendant affirmatively resort to perjurious testimony in reliance on the Government’s disability to challenge his credibility.
Walder, 347 U.S. at 65, 74 S.Ct. at 356 (emphasis added). “The price a defendant must pay for attempting to prove his good name is to throw open the entire subject which the law has kept closed for his benefit and to make himself vulnerable where the law oth-
erwise shields him.” Michelson v. United States, 335 U.S. 469, 479, 69 S.Ct. 213, 220, 93 L.Ed. 168 (1948).
Whenever a witness perjures himself the prosecution should be able to utilize impeachment techniques. It should be of no consequence whether the witness “opens the door” on direct examination or cross-examination. The fact remains that he did “open the door,” and the prosecution should be able to impeach. Defense counsel could have easily objected to the particular line of questioning based on relevancy but instead allowed Reed to answer the questions without any objection. Reed, however, voluntarily took the stand and was under the duty to speak truthfully. Reed should not be able to take the witness stand and testify on cross-examination with impunity. The prosecution did no more than employ the traditional impeachment devices of our adversary process. The testimony of Nichols and Agent Gardner were properly admitted and the conviction of Reed should be affirmed. Accordingly, I dissent.
JAMES L. ROBERTS, Jr., J., joins this opinion.